**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLAIRE KINSELLA-HOLTJE, et al.,

    Plaintiffs,

v.

THE ESTATE OF SHANNON B. FENTON, et al.,

    Defendants.

Civil Action No. 15-306 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on a motion to dismiss the complaint of Plaintiffs Claire Kinsella-Holtje ("Kinsella") and Erik Holtje ("Holtje") (collectively, "Plaintiffs") by Defendants the Estate of Shannon B. Fenton and Jacqueline Briel Fenton, as Executor and/or Administrator of the Estate of Shannon B. Fenton (collectively, "Defendants"), pursuant to the *Colorado River* abstention doctrine. (ECF No. 3.) Plaintiffs opposed the motion (ECF No. 6), and Defendants replied (ECF No. 8). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' motion to dismiss is denied.[1]

**I.    Background**

The instant matter arose out of a motor vehicle accident in which Kinsella sustained injuries. (*See generally* Compl., ECF No. 1.) On July 14, 2013, a three-car motor vehicle

---

[1] This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332 and venue is proper under 28 U.S.C. § 1391.

accident occurred on County Road 539 in Manchester, New Jersey. (Defs.' Moving Br. 1, ECF No. 3-1.) Plaintiffs allege that decedent Shannon Fenton's ("Fenton") south-bound vehicle crossed over the center lane, striking Plaintiff Kinsella's north-bound vehicle. (Compl. ¶¶ 11-13, ECF No. 1.) Fenton's vehicle then came into contact with a third vehicle, operated by Alexandra E. Peroni ("Peroni"). (Defs.' Moving Br. 1.)

Peroni's vehicle contained two passengers, Danielle M. Godley ("Godley") and Safakor Mensah ("Mensah"). (Defs.' Moving Br. 1.) Godley, Mensah, and Peroni, all residents of New Jersey, individually filed complaints against Defendants in the Superior Court of New Jersey on November 4, 2013, March 20, 2014, and March 31, 2014, respectively. (*Id.* at 1-2.) On June 20, 2014, the three complaints were consolidated and transferred to the Superior Court of New Jersey, Ocean County (the "State Court Action"). (*Id.* at 2.) Discovery in the State Court Action was scheduled to conclude on May 22, 2015. (*Id.*)

On January 15, 2015, Plaintiffs filed their Complaint in this Court. (ECF No. 1.) Plaintiffs assert federal jurisdiction is appropriate here because Plaintiffs are citizens of New York, Fenton was a resident of New Jersey, and the amount in controversy exceeds $75,000. (Compl. ¶¶ 1, 3, 8, 9.)

On February 17, 2015, Defendants filed the instant motion to dismiss pursuant to the *Colorado River* abstention doctrine. (Defs.' Moving Br. 3-4.) Defendants argue that the Court should abstain from exercising jurisdiction over this action because of the currently pending State Court Action. (*Id.*) Defendants assert that the State Court Action and this action are parallel and the *Colorado River* factors as a whole weigh in favor of abstention. (*Id.* at 6.) Plaintiffs argue the cases are not parallel and no exceptional circumstances exist that would justify *Colorado River* abstention. (Pls.' Opp'n Br. 4.)

## II. Analysis

The *Colorado River* doctrine allows a federal court to abstain from exercising jurisdiction if a two-part inquiry is met. *See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009). The first prong examines whether the two actions are parallel, meaning they raise "substantially identical claims and nearly identical allegations and issues." *Id.* If the cases are parallel, the court then uses a six-factor test to determine if "extraordinary circumstances" justifying abstention are present. *Id.* at 307-08. Those six factors, no one of which is determinative, are: "(1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." *Id.* at 308.

The Supreme Court, however, in *Colorado River*, explained that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1986). In *Colorado River*, the Supreme Court stressed the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given [to] them" and held this narrow exception can only be justified in "exceptional circumstances." *Id.* at 813, 817. The well-recognized rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* at 817.

In this case, even without deciding the parallel issue, an examination of the State Court Action and this action shows that there are no extraordinary circumstances that justify abstention. Therefore, the Court must exercise jurisdiction, and Defendants' motion to dismiss is denied.

### A. Parallel Actions

The threshold issue that must be addressed in a *Colorado River* analysis is whether the two actions are parallel. The Third Circuit has held that "[g]enerally, cases are parallel when they involve the same parties and claims." *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997). The Third Circuit, however, left open the question "whether, in the absence of identical plaintiffs, two cases can be deemed parallel for *Colorado River* purposes." *Id.* at 196 n.1. Again faced with the issue of whether two actions were parallel, the Third Circuit declined to answer that question. *Nationwide*, 571 F.3d at 308 ("We need not take up the parallel action analysis here because, even presuming parallelism, this action does not present the type of circumstances warranting abstention.").

In *Ryan v. Johnson*, the plaintiff brought a personal injury diversity action, which the defendants moved to dismiss under the *Colorado River* abstention doctrine. 115 F.3d at 195. The plaintiff, an out-of-state resident, was injured at the defendants' house when the deck collapsed. *Id.* at 195. The remaining sixteen plaintiffs were nondiverse from the defendants and filed suits in the Superior Court of New Jersey. *Id.* The district court dismissed the action, but the Third Circuit reversed, finding that none of the factors weighed in favor of abstention, so "the strong presumption in favor of exercising jurisdiction . . . has not been overcome." *Id.* at 195, 200.

In this case, like in *Ryan*, Defendants are the same in both the State Court Action and this action, but the plaintiffs are different. However, it is not necessary to engage in a parallel analysis, because, just as in *Ryan*, the types of extraordinary circumstances necessary to justify abstention are not present here.

**B.      Extraordinary Circumstances**

Six factors provide a guideline to determine if exceptional circumstances exist that would justify a district court's surrender of jurisdiction. *See Ryan*, 115 F.3d at 196. The six factors do not weigh in favor of abstention in this case.

The first factor, "[in an *in rem* case,] which court first assumed jurisdiction over [the] property," does not apply because there was no assumption of jurisdiction over any *res*, or property. *See Nationwide*, 571 F.3d at 307.

The second factor considers the inconvenience of the federal forum. While the state court would be more convenient for Defendants, since the accident occurred, and witnesses are located, in Ocean County, this Court is only about forty miles away from Ocean County. Under the Federal Rules of Civil Procedure, a witness may be compelled to appear by subpoena within 100 miles from where they reside, are employed, or regularly transact business. *See* Fed. R. Civ. P. 45(c)(1)(A). The federal forum in this case is not inconvenient; thus this factor does not weigh in favor of abstention.

The third factor addresses the desirability of avoiding piecemeal litigation. This factor is met "only when there is evidence of a strong federal policy that all claims should be tried in the state courts." *Ryan*, 115 F.3d at 198. It is undisputed that there is no such policy against piecemeal litigation in regards to personal injury matters. (Defs.' Moving Br. 9; Pls.' Opp'n Br. 10.) Accordingly, this factor does not weigh in favor of abstention.

The fourth factor, the order in which jurisdiction was obtained, "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983). "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much

5

progress has been made in the two actions." *Id.* Here, the State Court Action was filed first, and it appears that more progress has been made in that action, as discovery is already closed or close to being closed. In this action, the parties have not even had their initial scheduling conference. This factor therefore weighs in favor of abstention.

The fifth factor considers whether federal or state law controls. State law applies in both matters; therefore, this factor tilts slightly in favor of abstention. However, it is well-settled that federal courts sitting in diversity have concurrent jurisdiction over personal injury negligence claims. *See generally* 28 U.S.C. § 1332. The Third Circuit has previously stated, "abstention cannot be justified merely because a case arises entirely under state law." *Ryan*, 115 F.3d at 199 (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 26). The personal injury issue in this case is not an example of a complex state law, such as the water rights issue present in *Colorado River*. The district court is, therefore, an adequate forum to review Plaintiffs' claims.

Finally, the sixth factor considers whether the state court will adequately protect the interests of the parties. Plaintiffs chose a federal forum and have a right to have their case heard in federal court pursuant to 28 U.S.C. § 1332. Additionally, "the mere fact that the state forum is adequate does not counsel in favor of abstention." *Ryan*, 115 F.3d at 200. While the state court will undoubtedly be able to adequately protect Plaintiffs' rights, this factor is not sufficiently compelling to require abstention.

Although two of the six factors weigh slightly in favor of abstention, Defendants have not demonstrated that this is a case of "exceptional circumstances" in which the district court may abstain. Based on these six factors and the heavy presumption in favor of the exercise of jurisdiction, the Court must deny Defendants' motion to dismiss.

### III. Conclusion

For the reasons set forth above, Defendants' motion to dismiss is denied. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**Michael A. Shipp**
**United States District Judge**

Dated: June 10th, 2015